# Supreme Court of Florida

<hr width="25%" />

No. SC2023-1320

<hr width="25%" />

**IN RE: AMENDMENT TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.420.**

October 19, 2023

PER CURIAM.

The Court, on its own motion, amends Florida Rule of General Practice and Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records) to reflect a recent statutory change making court records in cases giving rise to sealed criminal history records confidential and exempt.[1]

Under section 943.0595, Florida Statutes (2023), the Department of Law Enforcement must automatically seal criminal history records that meet specified criteria, such as when "[a] judgment of acquittal was rendered by a judge as to all counts." A

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

recent statutory change, effective July 1, 2023, requires the department to then notify the clerk of court, and "[u]pon such notification, the clerk of the court must automatically keep the related court record in the case giving rise to the department's sealing of the criminal history record confidential and exempt from s[ection] 119.071(1) and s[ection] 24(a), Art. I of the State Constitution." Ch. 2023-189, § 1, Laws of Fla. We now amend subdivision (d) (Procedures for Determining Confidentiality of Court Records) of rule 2.420 to list section 943.0595 and a court record in a case giving rise to the sealed criminal history record in the list of statutes and information that the clerk of court must maintain as confidential.

The Florida Rules of General Practice and Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment is effective immediately. Because the amendment was not published for comment previously, interested persons have 75

days from the date of this opinion in which to file comments with

the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

---

2. All comments must be filed with the Court on or before January 2, 2024, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# Appendix

## RULE 2.420. PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS

**(a)-(c)** [No Change]

**(d) Procedures for Determining Confidentiality of Court Records.**

(1) Except as provided in this subdivision, the clerk of the court must designate and maintain the confidentiality of any information contained within a court record that is described in this subdivision.

(A) [No Change]

(B) Except as provided by court order, the clerk of the court must maintain as confidential information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i)-(xxiii) [No Change]

(xxiv) a court record in the case giving rise to the Department of Law Enforcement's sealing of a criminal history record. § 943.0595, Fla. Stat.

(C) [No Change]

(2)-(5) [No Change]

**(e)-(m)** [No Change]